## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION; JIM CHILTON; NEW MEXICO FARM & LIVESTOCK BUREAU; NEW MEXICO FEDERAL LANDS COUNCIL; and TEXAS FARM BUREAU, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior; UNITED STATES FISH AND WILDLIFE SERVICE; and DANIEL M. ASHE, in his official capacity as Director of the United States Fish and Wildlife Service, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.  This is an action to compel the Defendants to make the required 12-month finding on the Plaintiffs' Petition to reclassify five species under the Endangered Species Act (ESA): the gypsum wild-buckwheat, black-capped vireo, Kuenzler hedgehog cactus, lesser long-nosed bat, and Tobusch fishhook cactus. 16 U.S.C. § 1533(b)(3)(A).

## JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 (judicial review of agency action); 16 U.S.C. § 1540(c) (actions arising under the ESA); 16 U.S.C. § 1540(g)

(citizen suits arising under the ESA); and 28 U.S.C. § 1331 (civil actions arising under laws of the United States).

3. Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. §§ 2201(a), 2202.

4. Defendants have failed to make the statutorily required final decision on the PETITION OF PACIFIC LEGAL FOUNDATION, JIM CHILTON, NEW MEXICO CATTLE GROWERS' ASSOCIATION, NEW MEXICO FARM & LIVESTOCK BUREAU, NEW MEXICO FEDERAL LANDS COUNCIL, AND TEXAS FARM BUREAU TO DELIST THE GYPSUM WILD-BUCKWHEAT AND DOWNLIST THE BLACK-CAPPED VIREO, THE KUENZLER HEDGEHOG CACTUS, THE LESSER LONG-NOSED BAT, AND THE TOBUSCH FISHHOOK CACTUS UNDER THE ENDANGERED SPECIES ACT (Petition). A true and accurate copy of the Petition, without exhibits, which was filed on July 11, 2012, is attached hereto as Exhibit A and hereby incorporated by reference.

5. The Defendants' failure to make a final decision on the Petition constitutes an agency action unlawfully withheld. An actual controversy therefore exists between the parties.

6. On November 19, 2014, Plaintiffs provided Defendants with a 60-Day Notice of Intent To Bring Citizen Suit pursuant to 16 U.S.C. § 1540(g), as required under the ESA. A true and accurate copy of that Notice is attached hereto as Exhibit B and hereby incorporated by reference.

7. Venue in this district is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district, and because at least one of the Plaintiffs resides in this district.

## PARTIES

**Plaintiffs**

8.  Plaintiff New Mexico Cattle Growers' Association (NMCGA) is an association, headquartered in Albuquerque, New Mexico, that is organized for the purpose of advancing and protecting the cattle industry in New Mexico. NMCGA advocates on behalf of its members on numerous issues relating to regulation under the ESA. NMCGA lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members. NMCGA devotes substantial resources to those activities, which seek to ensure that ESA-related regulation does not unreasonably impair the cattle industry. Additionally, NMCGA members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur. The Defendants' failure to reclassify those species according to best available science frustrates NMCGA's objectives and forces NMCGA to expend resources petitioning for those species' reclassification. As a party to the Petition, NMCGA is entitled to the statutorily required final decision.

9.  Plaintiff Jim Chilton is co-owner of Chilton Ranch LLC. He grazes cattle on designated grazing allotments located in portions of the Coronado National Forest thought to be within the range of the lesser long-nosed bat. Under the terms of his United States Forest Service grazing permit, Mr. Chilton must comply with various nondiscretionary conditions described in Biological Opinions and Allotment Management Plans. Those conditions, which govern

Mr. Chilton's grazing operations, include requirements and restrictions that are designed to benefit the lesser long-nosed bat and its habitat. The Defendants' failure to reclassify the lesser long-nosed bat according to best available science led Mr. Chilton to petition for the bat's reclassification. As a party to the Petition, Mr. Chilton is entitled to the statutorily required final decision.

10. Plaintiff New Mexico Farm & Livestock Bureau (NMFLB) is an independent, non-governmental, voluntary organization of farm and ranch families united for the purpose of analyzing agricultural problems and formulating actions to promote the well-being of agriculture in New Mexico. NMFLB is headquartered in Las Cruces, New Mexico. NMFLB represents the views of its members who are impacted by the ESA. NMFLB lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members. NMFLB devotes substantial resources to those activities, which seek to ensure that ESA-related regulation does not unreasonably impair agriculture in New Mexico. Additionally, NMFLB members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur. The Defendants' failure to reclassify those species according to best available science frustrates NMFLB's objectives and forces NMFLB to expend resources petitioning for those species' reclassification. As a party to the Petition, NMFLB is entitled to the statutorily required final decision.

11. Plaintiff New Mexico Federal Lands Council (NMFLC) is a nongovernmental, nonprofit organization that represents the views of allotment owners and multiple-use proponents

of New Mexico's public lands.  NMFLC believes that any action that affects land management, including regulations under the ESA, should be based on sound science and public input.  NMFLC lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members.  NMFLC devotes substantial resources to those activities, which seek to ensure that public lands are managed for multiple, productive uses.  Additionally, NMFLC members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur.  The Defendants' failure to reclassify those species according to best available science frustrates NMFLC's objectives and forces NMFLC to expend resources petitioning for those species' reclassification.  As a party to the Petition, NMFLC is entitled to the statutorily required final decision.

12.    Plaintiff Texas Farm Bureau (TFB) is a nonprofit membership organization, headquartered in Waco, Texas, that serves as the voice of Texas agriculture, promoting agriculture as a viable, long-term domestic source of food, fiber, and fuel.  TFB advocates on behalf of its members on ESA-related issues to ensure that agriculture is protected and preserved in Texas.  TFB has undertaken a number of endeavors to conserve wildlife in Texas, including the black-capped vireo and Tobusch fishhook cactus, consistent with the agricultural needs of its members.  TFB has worked with the Texas Parks and Wildlife Department to develop management guidelines to be used for conservation of black-capped vireo habitat; supported and helped finance a program to remove cowbirds that were threatening the black-capped vireo population near Fort Hood; sponsored the

Lone Star Land Stewardship Awards, which have recognized landowners' efforts to improve black-capped vireo and Tobusch fishhook cactus habitat; and worked with various landowners to develop habitat improvement projects. Those activities were undertaken, in part, to increase black-capped vireo and Tobusch fishhook cactus viability to the point that ESA protection is no longer necessary. The Defendants' failure to reclassify the black-capped vireo and Tobusch fishhook cactus according to best available science frustrates TFB's objectives and forces TFB to expend resources petitioning for those species' reclassification. As a party to the Petition, TFB is entitled to the statutorily required final decision.

**Defendants**

13. Defendant Sally Jewell is sued in her official capacity as Secretary of the United States Department of the Interior. Secretary Jewell has responsibility for implementing and administering the ESA, including compliance with statutory deadlines. She is responsible for determining whether the list species as endangered or threatened under the ESA, and whether to designate critical habitat for such species. 16 U.S.C. § 1533(a)(1), (3). The Secretary is also required to ensure timely responses to petitions for reclassification of species filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

14. Defendant Daniel M. Ashe is sued in his official capacity as Director of the United States Fish and Wildlife Service. The Secretary delegates ESA authority to the Director, who is responsible for responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

15. Defendant United States Department of the Interior is an agency of the United States that administers and implements the ESA, including responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

16. Defendant United States Fish and Wildlife Service is an agency within the Department of the Interior which has been delegated the responsibilities of administering and implementing the ESA, including responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

## GENERAL ALLEGATIONS

17. The ESA authorizes the Defendants to list species as either endangered or threatened. 16 U.S.C. § 1533(a)(1).

18. The ESA requires the Defendants to make listing determinations "solely on the basis of the best scientific and commercial data available." 16 U.S.C. § 1533(b)(1)(A).

19. The ESA also requires the Defendants to conduct status reviews, at least once every five years, of all listed species, in which the Defendants must determine whether any listed species should be removed from the list (delisted), be changed in status from endangered to threatened (downlisted), or be changed from threatened to endangered. 16 U.S.C. § 1533(c)(2)(A)-(B).

20. Any interested person may petition the Secretary to change the classification of a species. 5 U.S.C. § 553(e); 16 U.S.C. § 1533(b)(3)(A).

21. Upon receiving a petition to reclassify a species, the Defendants are required "[t]o the maximum extent practicable, within 90 days after receiving [a petition to change a species' classification]" to "make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C.

§ 1533(b)(3)(A).  If such information is presented in the petition, the Defendants "shall promptly commence a review of the status of the species concerned." *Id.*

22.  If the Defendants' 90-day finding indicates that a change in classification may be warranted, the Defendants are required to make a final decision on the petition within 12 months and promptly publish such decision in the federal register.  16 U.S.C. § 1533(b)(3)(B).

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS' PETITION TO RECLASSIFY FIVE LISTED SPECIES

23.  On or around July 11, 2012, the Defendants received Plaintiffs' Petition seeking to reclassify five species under the ESA.  The species are:

>  (1) gypsum wild-buckwheat;
>
>  (2) black-capped vireo;
>
>  (3) Kuenzler hedgehog cactus; and
>
>  (4) lesser long-nosed bat;
>
>  (5) Tobusch fishhook cactus.

**Gypsum wild-buckwheat**

24.  The gypsum wild-buckwheat is a plant that occurs in Eddy County, New Mexico.  It is listed as threatened.

25.  The Defendants produced a status review in 2007, which recommended that the gypsum wild-buckwheat be delisted.  Exhibit A at 4.  The status review states:

> Threats [to gypsum wild-buckwheat] identified at the time of listing and in the recovery plan are no longer deemed significant; and two new populations have been discovered which add to an estimated population between 11,000 and 18,000 plants.  The Service recommends that gypsum wild-buckwheat be removed from the list of

      threatened species as long as a Recovery Management Agreement with BLM is in place . . . .

*Id.* at 5.

26. Plaintiffs' request to delist the gypsum wild-buckwheat was based entirely upon the scientific and commercial information contained within the Defendants' status review for that species.

**Black-capped vireo**

27. The black-capped vireo is a bird that occurs in over 60 counties in Texas and several in Oklahoma. It is listed as endangered.

28. The Defendants produced a status review in 2007, which recommended that the black-capped vireo be downlisted from endangered to threatened. Exhibit A at 5. The status review states:

      Based on the information in this review, the current overall threat level to black-capped vireo is less in magnitude than it was at the time the species was listed. This is based on some threats decreasing in magnitude, the reconsideration of magnitude to certain threats, and the effects of conservation measures on the major threats to the species.

*Id.*

29. Plaintiffs' request to downlist the black-capped vireo was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Kuenzler hedgehog cactus**

30.     The Kuenzler hedgehog cactus is a cactus that occurs in Chaves, Eddy, Lincoln, and Otero Counties in New Mexico.  It is listed as endangered.

31.     The Defendants produced a status review for the Kuenzler hedgehog cactus in 2005, which recommended that the Kuenzler hedgehog cactus be downlisted from endangered to threatened.  Ex. A at 6.  The status review states:

> Kuenzler's hedgehog cactus should be proposed for reclassification from endangered to threatened.  The known range of this cactus consisted of a single population of approximately 200 individuals when listed as endangered. . . .  In reality, Kuenzler's hedgehog cactus exists across a much broader geographic range in several populations that total several thousands of individual plants and probably exceeds the 5,000 plants required for downlisting in the recovery plan.

*Id*.

32.     Plaintiffs' request to downlist the Kuenzler hedgehog cactus was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Lesser long-nosed bat**

33.     The lesser long-nosed bat is a bat that occurs in Cochise, Pima, Pinal, and Santa Cruz Counties in Arizona and in Hidalgo County, New Mexico.  It is listed as endangered.

34.     The Defendants produced a status review for the lesser long-nosed bat in 2007, which recommended that the lesser long-nosed bat be downlisted from endangered to threatened.  Ex. A at 7.  The status review states that

> [i]nformation generated since the listing of the [lesser long-nosed bat] indicates that [it] is not in imminent danger of extinction throughout all or a significant portion of

its range. . . . The [lesser long-nosed bat] should be proposed for reclassification from endangered to threatened. Concurrently, a special rule as outlined in section 4(d) of the [ESA] should be promulgated exempting the prohibition for take for [livestock grazing and prescribed burning].

*Id.*

35.   Plaintiffs' request to downlist the lesser long-nosed bat was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Tobusch fishhook cactus**

36.   The Tobusch fishhook cactus is a cactus that occurs in Bandera, Edwards, Kerr, Kimble, Kinney, Real, Uvalde, and Val Verde Counties, Texas. It is listed as endangered.

37.   The Defendants produced a status review in 2010, which recommended that the Tobusch fishhook cactus be downlisted from endangered to threatened. Ex. A at 7. The status review states the Service's belief that, "[i]n consideration of the greater known range and larger, currently stable population of Tobusch fishhook cactus, we believe it is no longer in danger of extinction throughout all or a significant portion of its range." *Id*.

38.   Plaintiffs' request to downlist the Tobusch fishhook cactus was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Response to Plaintiffs' Petition**

39.   On or around July 11, 2012, the Defendants received Plaintiffs' Petition to change the classification of these five species. After the Defendants failed to respond to the Petition within the required 90-day period, Plaintiffs brought suit in this Court under the ESA and Administrative

Procedure Act (APA), 5 U.S.C. § 706(1), to compel the Defendants to make the finding. A true and accurate copy of the complaint in that action is attached as Exhibit C and hereby incorporated by reference.

40. On or around September 9, 2013, the Service belatedly published its initial finding that the petitioned actions may be warranted, pursuant to 16 U.S.C. § 1533(b)(3)(A). 78 Fed. Reg. 55,046 (Sept. 9, 2013). This Court then approved the parties' stipulation of dismissal with prejudice of the first case on November 1, 2013.

41. After the initial finding, the Defendants were required under 16 U.S.C. § 1533(b)(3)(B) to make a final decision on whether or not the petitioned actions are warranted within 12 months. The Defendants to this day have yet to do so, and Plaintiffs have received no indication that the Defendants will do so. On or around November 19, 2014, Plaintiffs provided Defendants with a 60-Day Notice of Intent To Bring Citizen Suit pursuant to 16 U.S.C. § 1540(g), as required under the ESA. A true and accurate copy of this Notice is attached hereto as Exhibit D and hereby incorporated by reference.

42. As a result of the Defendants' failure to act, the gypsum wild-buckwheat remains listed as threatened and the other four species that are the subjects of the Plaintiffs' Petition remain listed as endangered. This is despite the conclusions of the Defendants' status reviews indicating that the current listing status of each species is not consistent with best available science.

43. The Defendants have thus failed to comply with the statutorily mandated deadline for making a final decision on the Petition. 16 U.S.C. § 1533(b)(3)(B).

## ALLEGATIONS SUPPORTING DECLARATORY RELIEF

44. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 43 as though fully set forth herein.

45. An actual and substantial controversy exists between Plaintiffs and the Defendants over the Defendants' duty to comply with the ESA and the APA and make a final decision on Plaintiffs' Petition within 12 months. 16 U.S.C. § 1533(b)(3)(B).

46. This case is justiciable because the Defendants have failed to timely comply with their nondiscretionary duty to make a final decision on Plaintiffs' Petition. *Id.*

47. Declaratory relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.

## ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF

48. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiffs have been injured by the Defendants' failure to comply with the ESA and the APA and failing to issue the required final decision on Plaintiffs' Petition. Plaintiffs will be irreparably harmed if an injunction does not issue enjoining the Defendants from continuing to evade their duty to make such a decision.

50. Plaintiffs have no plain, speedy, or adequate remedy at law.

51. Plaintiffs' claims for relief are ripe.

52. If not enjoined by this Court, Plaintiffs allege on information and belief that Defendants will continue to violate the requirement that they issue a final decision on Plaintiffs' Petition.

53. Accordingly, injunctive relief is appropriate.

### FIRST CAUSE OF ACTION
### (Violation of ESA, 16 U.S.C. § 1533(b), Failure to Make a Timely Finding on a Petition to Reclassify Species)

54. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 53 as though fully set forth herein.

55. The Defendants have a mandatory and nondiscretionary duty under the ESA to make a final decision on a petition to reclassify species within 12 months of receipt when the Secretary has found the petitioned actions "may be warranted." 16 U.S.C. § 1533(b)(3)(A)-(B).

56. The Defendants received Plaintiffs' Petition on or around July 11, 2012, and found that it "may be warranted" on September 9, 2013, but the Defendants have failed to make a final decision on the Petition within 12 months of that finding, in the manner required by the ESA. 16 U.S.C. § 1533(b)(3)(B).

57. Defendants' failure to make a 12 month finding on Plaintiffs' Petition in the manner required by 16 U.S.C. § 1533(b)(3)(A) violates the ESA and is unlawful.

### SECOND CAUSE OF ACTION
### (Violation of APA, 5 U.S.C. § 706(1), Unlawfully Withholding or Unreasonably Delaying Agency Action)

58. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 57 as though fully set forth herein.

59.     The Defendants have a mandatory and nondiscretionary duty under the ESA to make a final decision on a petition to reclassify species within 12 months of receipt when the Secretary has found the petitioned actions "may be warranted." 16 U.S.C. § 1533(b)(3)(A)-(B).

60.     The Defendants received Plaintiffs' Petition on or around July 11, 2012, and found that it "may be warranted" on September 9, 2013, but the Defendants have failed to make a final decision on the Petition within 12 months of that finding, in the manner required by the ESA. 16 U.S.C. § 1533(b)(3)(B).

61.     The Defendants' failure to make the required final decision constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment from this Court as follows:

1.      A declaratory judgment that Defendants' failure to comply with their nondiscretionary duty to make a 12 month finding on Plaintiffs' Petition is a violation of the ESA;

2.      A declaratory judgment that Defendants' failure to comply with their nondiscretionary duty to make a 12 month finding on Plaintiffs' Petition is a violation of the APA;

3.      An order compelling Defendants to make a final decision on Plaintiffs' Petition by a date certain;

4.      An award to Plaintiffs of reasonable attorney fees and expert fees in bringing and maintaining this action pursuant to 16 U.S.C. § 1540(g)(4);

5.      An award to Plaintiffs of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

6.      An award to Plaintiffs of any other relief that the Court deems just and proper under the circumstances of this case.

DATED:  November 20, 2015.

Respectfully submitted,

By /s/ Anthony L. François
    ANTHONY L. FRANÇOIS

M. REED HOPPER, Fed. Bar No. 15-1000
Email:  mrh@pacificlegal.org
ANTHONY L. FRANÇOIS, Fed. Bar No. 15-75
*Counsel of Record*
Email:  alf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiffs New Mexico Cattle Grower's Association; Jim Chilton; New Mexico Farm & Livestock Bureau; New Mexico Federal Lands Council; and Texas Farm Bureau